# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

KEVIN JOHNSON, *individually and*     :
*on behalf of all others similarly situated*     :
4927 Wissahickon Ave     :
Philadelphia, PA 19144     :
    :
        Plaintiff,     :
    :
      v.     :
    :
FREE STATE MANAGEMENT     :
GROUP, LLC     :
211 Baker Road, Unit #297     :
Barker, TX 77413     :
    :
        Defendant.     :

---------------------------------------------------------

**CIVIL ACTION NO. _____**

**JURY TRIAL DEMANDED**

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Kevin Johnson ("Plaintiff") hereby brings this action against Defendant Free Statement Management Group, LLC ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this complaint contending that Defendant unlawfully failed to pay him and other similarly-situated Construction Contractors ("Class Plaintiffs") overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.     Plaintiff was an employee of Defendant employed in the position of Construction Contractor.  Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of

forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendant unlawfully misclassified him and Class Plaintiffs as independent contractors under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked.  Accordingly, Plaintiff contends that he and Class Plaintiffs are/were owed unpaid wages and overtime compensation which were denied them as a result of Defendant's unlawful pay practices.

3.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7.      Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant maintains an office location within the Commonwealth of Pennsylvania in Allentown, Pennsylvania, and conducts business throughout the Commonwealth of Pennsylvania.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and a substantial part of the unlawful

practices about which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

9.     Plaintiff Kevin Johnson currently resides at 4927 Wissahickon Ave., Philadelphia, PA 19144.

10.     Upon information and belief, Defendant Free Statement Management Group, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with a corporate headquarters at 211 Baker Road, #297, Barker, TX 77413.  Upon information and belief, Defendant conducts business operations throughout the Commonwealth of Pennsylvania, where, upon information and belief, it maintains a Pennsylvania regional office location at the residence of Kirk Klever, a resident of Pennsylvania, who resides at 3841 Highpoint Drive, Allentown, PA 18103.

11.     Upon information and belief, Kirk Klever is a Principal and Member of Defendant, serves as Defendant's Director of Sales and Marketing, and, in addition to his duties in that role, conducts Defendant's Pennsylvania-based operations out of his home office in Allentown, PA.

12.     Defendant is a "private employer" and covered by the FLSA.

13.     Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

14.     Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections.  See 29 U.S.C. 203(e).

15.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

18.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Construction Contractor, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on a day rate basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that he and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of misclassifying its Construction Contractors as independent contractors under the FLSA.

19.     Plaintiff estimates that there are in excess of forty (40) other similarly situated Construction Contractors who either are working or worked for Defendant in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular

4

rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and/or personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

20.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's misclassification of them as independent contractors, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

21.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

22.     Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

5

23.     Plaintiff brings this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Construction Contractor who were paid on a day rate basis and denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

24.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

25.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law and fact common to the Class, including, but not limited to:

a.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

b.     Whether Defendant improperly classified Plaintiff and the Class as independent contractors rather than employees under the PMWA;

c.     Whether Plaintiff and the Class were based in Pennsylvania for purposes coverage under the PMWA;

d.     Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

e.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

f.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

26.     Plaintiff's claims are typical of the claims of the Class Members.  Plaintiff was an employee of Defendant employed in the position of Construction Contractor who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation.  Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

27.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

28.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

29.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.      Defendant, by failing to pay overtime compensation in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims.  The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

31.     Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32.     Plaintiff first began his employment with Defendant on or around December 26, 2017, when he was hired as a Construction Contractor.

33.     Plaintiff continued working for Defendant as a Construction Contractor until his separation from employment in or around June 2019.

34.     Upon information and belief, Defendant employs or has employed in excess of one hundred fifty (150) Construction Contractors during the past three (3) years, a large percentage of which are/were based in and/or performed significant services for Defendant within the Commonwealth of Pennsylvania.

35.    In his capacity as Construction Contractor, Plaintiff's primary job duty involved the performance of manual labor at construction sites for Defendant's clients within the fabric structure and tent industries.

36.    In this regard, Plaintiff, and, upon information and belief, Class Plaintiffs, would receive job assignments from one or more of Defendant's principals/members, including Kirk Klever ("Mr. Klever"), Defendant's Director of Sales and Marketing, who, upon information and belief, coordinates Defendant's Pennsylvania-based operations out of his home office in Allentown, PA, and Nick Bailes ("Mr. Bailes"), who operates out of Defendant's office location in Arley, Alabama.

37.    During the course of his employment, Plaintiff performed a substantial percentage of his jobs within the Commonwealth of Pennsylvania, including in State College, PA, Pittsburgh, PA, and Hanover, PA, in addition to jobs at locations outside of Pennsylvania, including in Nevada, Indiana, Delaware, New Jersey, Maryland, West Virginia, Florida, and Texas.

38.    Depending on the distance of Plaintiff and Class Plaintiffs from a given job assignment, Defendant would book and pay for their flights and lodging.

39.    Plaintiff and, upon information and belief, Class Plaintiffs would also receive a half-day's pay for time spent traveling to and from job assignment, irrespective of the amount of time they actually spent traveling, which often exceeded a full working day.

40.    When traveling out of town for their job assignments, Plaintiff, and upon information and belief, Class Plaintiffs did not receive per diem pay, although Defendant did compensate Plaintiff and, upon information and belief, Class Plaintiffs for certain out-of-pocket travel expenses and/or mileage for their use of a personal vehicle.

41.     When Plaintiff and, upon information and belief, Class Plaintiffs arrived/arrive at a particular jobsite, Defendant's Site Supervisor(s), including, but not limited to an individual named Javier ("Javier LNU"), held/hold meetings to provide the Construction Contractors with instructions and an overview of the job in question.

42.     Defendant's Site Supervisors also hold daily meetings with Defendant's Construction Contractors during which they set the tasks and agenda for the day.

43.     Defendant's Site Supervisors supervise, oversee, and direct the work of Defendant's Construction Contractors, assigning each Construction Contractors specific tasks, such as clearing the site, installing doors, hanging lights, or moving items with a forklift.

44.     Defendant typically assign one (1) Site Supervisor per job, who oversees and directs the work of between five (5) and eight (8) Construction Contractors.

45.     Plaintiff and, upon information and belief, Class Plaintiffs were paid at the rate of $330 per working day, on the understanding that the $330 was intended to cover a ten (10) hour shift at the rate of $33 per hour.

46.     Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs typically worked significantly in excess of ten (10) hours per shift, they only received $330 per day, plus $165 (i.e. a half day's pay) for travel.

47.     Moreover, despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs regularly worked well in excess of forty (40) hours per week, they did not receive any overtime compensation for overtime hours worked.

48.     Plaintiff and Class Plaintiffs were classified as independent contractors by Defendant, are/were paid on a day rate basis, and are/were not considered eligible by Defendant to receive overtime compensation for hours worked over forty (40) in a workweek.

49.     Plaintiff and Class Plaintiffs were misclassified by Defendant as independent contractors and were, in actuality, non-exempt employees of Defendant within the meaning of the FLSA and PMWA.

50.     Defendant maintains/maintained significant control over the manner by which Plaintiff and Class Plaintiffs performed/perform their duties as Construction Contractors.

51.     In this regard, Plaintiff and, upon information and belief, Class Plaintiffs were/are directed in their work activities by Defendant's Site Supervisors, who instruct them regarding the manner in which they are to perform construction-related tasks.

52.     Moreover, Defendant's Construction Contractors were/are required to attend meetings at Defendant's jobsites, during which they received/receive direction, supervision, and feedback from Defendant's Site Supervisors.

53.     In addition, Plaintiff and, upon information and belief, Class Plaintiffs are/were assigned a work schedule by Defendant, who instructed Plaintiff and Class Plaintiffs when to arrive at their jobsites and controlled when they could leave for the day.

54.     Upon information and belief, Plaintiff and Class Plaintiffs are/were required to perform their work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant.

55.     Plaintiff and, upon information and belief, Class Plaintiffs, were not permitted to outsource their work or employ helpers.

56.     Despite classifying Plaintiff and Class Plaintiffs as "independent contractors," Defendant actively discouraged its Construction Contractors from working for any competitors.

57.     Indeed, Mr. Klever and Mr. Bailes both told Plaintiff not to work for any competitors, implying that doing so would affect his continued employment with Defendant.

11

58.     Moreover, although Plaintiff and Class Plaintiffs were required to purchase their own hardhats, ear protection, and protective eyewear, Defendant provided Plaintiff and Class Plaintiffs with all tools and heavy equipment necessary to complete their assignments.

59.     The construction services performed by Plaintiff and Class Plaintiffs were and are an integral part of Defendant's construction and installation services business.

60.     As evidenced by, among other things, Plaintiff's approximately eighteen (18) month tenure of employment with Defendant, Defendant's Construction Contractors generally do not work for Defendant for only one project, but rather for an open-ended and long-term period of time.

61.     It is Defendant's policy and practice to purchase workers' compensation insurance for its Construction Contractors, despite their alleged status as "independent contractors."

62.     During a typical, average workweek, Plaintiff generally worked approximately seven (70) hours, not including time spent traveling to and from Defendant's job sites away from Plaintiff's home community which required overnight accommodation.

63.     For example, during the workweek of August 13, 2018 to August 19, 2018 – when Plaintiff was assigned to a jobsite in Hanover, PA – Plaintiff worked approximately 75.5 hours, generally beginning work at 7:00 am and continuing to work until around 6:00 pm, Monday through Sunday.

64.     Despite thus working approximately 35.5 hours of overtime during the aforementioned workweek, Plaintiff received no overtime compensation.  Instead, Plaintiff received only his day rate of $330 for each day worked.

12

65.     Upon information and belief, Class Plaintiffs generally also worked significantly in excess of forty (40) hours per week, but did not receive overtime compensation as a result of Defendant's misclassification of them as independent contractors.

66.     Plaintiff and Class Plaintiffs are/were paid on a day rate basis, and, as such, do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

67.     Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

68.     Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

69.     Plaintiff and Class Plaintiffs do not perform non-manual office work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

70.     Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

71.     Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff and Class Plaintiffs were required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

13

72.     Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

73.     Finally, there are/were no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

74.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

75.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

76.     Paragraphs 1 through 75 are/were hereby incorporated by reference as though the same were fully set forth at length herein.

77.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

78.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

79.     Defendant misclassified Plaintiff and Class Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA/PMWA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

80.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

81.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

82.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Construction Contractor, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

83. Paragraphs 1 through 82 are/were hereby incorporated by reference as though the same were fully set forth at length herein.

84. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

85. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

86.     Plaintiff and, upon information and belief, Class Plaintiffs were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things, as described above, the fact that they regularly reported to and performed work for Defendant at job sites within the Commonwealth of Pennsylvania, received directives from Defendant's regional office Allentown, Pennsylvania, and were supervised and subject to decision-making concerning the terms and conditions of their employment by Defendant's Pennsylvania-based management.

87.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation to Plaintiff and Class Plaintiffs.

88.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are/were entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A.      An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.      An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

17

D.      An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _Michael Groh_

Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated:   January 10, 2020

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.

JS 44 (Rev 06/17)   *EGS*   **CIVIL COVER SHEET**   5:20-cv-197

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS

Kevin Johnson, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U S PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Groh Esq., Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd , Philadelphia, PA 19103, 267-273-1054

## DEFENDANTS

Free State Management Group, LLC

County of Residence of First Listed Defendant
*(IN U S PLAINTIFF CASES ONLY)*
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U S Government Plaintiff
- ⊠ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U S Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care / | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ⊠ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U S Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS - Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ⊠ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 U.S C § 201, et seq.
Brief description of cause
Failure to pay overtime compensation

## VII. REQUESTED IN COMPLAINT:

⊠ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:  ⊠ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE
DOCKET NUMBER

DATE
01/10/2020

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

JAN 10 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4927 Wissahickon Ave., Philadelphia, PA 19144

Address of Defendant: 211 Baker Road, #297, Barker, TX 77413

Place of Accident, Incident or Transaction: 3841 Highpoint Drive, Allentown, PA 18103

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 01/10/2020   _Michael Groh_   319296
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.     Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
      *(Please specify)* ____ Fair Labor Standards Act ____

**B.     Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Michael Groh, Esq. _____, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE 01/10/2020   _Michael Groh_   319296
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

JAN 10 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Kevin Johnson, individually and on
behalf of all others similarly-situated                  :                    CIVIL ACTION

v.                                :              **20      197**

Free State Management Group, LLC                  :            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| January 10, 2020 | Michael Groh, Esquire | Plaintiff Kevin Johnson |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-273-1054 | 215-525-0210 | mgroh@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 10 2020